UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRANCE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00783-HEA |
| | ) |
| CITY OF HOPE-MEDICAL | ) |
| CORPORATION DUARTE CA et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Terrance Turner's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and "Motion to Form Leave" (ECF No. 3). For the reasons discussed below, the Court will deny both. If Plaintiff wishes to proceed in this action, he must, within thirty (30) days, pay the full $405 filing fee and show cause in writing why this case should not be dismissed for improper venue and lack of personal jurisdiction.

**The Complaint**

Turner, a citizen of Virginia, brings this action against "City of Hope – Medical Corporation Duarte CA."[1] He purports to represent himself, Javier Aguirre, and other individuals allegedly affected by Defendant's inadequate response to a cybersecurity breach. Turner signed the complaint as both "Plaintiff" and "Attorney," listing his bar number as "FEDERAL BAR ASSOCIATION CIA FBI BAR 431170989."

---

[1] Although Plaintiff lists various federal agencies as defendants on page two of his complaint, he includes only "City of Hope" in the caption and consistently refers to a singular "defendant" throughout the document.

City of Hope is a private clinical research center in Duarte, California. Turner appears to allege that the organization suffered a serious security breach and failed to notify affected parties for over two years. He contends that Mr. Aguirre has received "death threats of violence and digital tampering" because of the breach.

Turner argues that Defendant's actions violated multiple federal laws relating to consumer protection, cybersecurity, and civil rights. He seeks $8 million in damages and injunctive relief requiring Defendant to overhaul its cybersecurity practices.

### Plaintiff's Litigation History

A review of court filings on Pacer.gov reveals that Plaintiff was found to be a vexatious and abusive filer in 2023 and was "BARRED from filing future actions in forma pauperis in [the Northern District of Texas] or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which he is the plaintiff, should not be reviewed by the court." *See Turner v. Trugreen Ltd. P'ship*, No. 3:23-CV-989-G-BK, ECF No. 9 at 10 (N.D. Tex. May 11, 2023). The Texas district court took judicial notice of more than sixty cases Plaintiff had filed nationwide in the preceding two years, finding that most cases had been dismissed for failure to comply with a court order or for lack of prosecution. The court also noted that in many of those cases, Plaintiff's pleadings were illogical, unintelligible, conclusory, vague, scandalous, and incomprehensible. The Texas court dismissed Plaintiff's case as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B). *Id*.

### Application to Proceed in District Court Without Prepaying Fees or Costs

Courts may waive the filing fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). The Court follows a two-step process in considering whether an applicant should be permitted to proceed in forma pauperis. *Andrews v. Nicholson*, 2005 WL 2403449, at

*1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). First, the Court must determine whether the applicant qualifies by economic status. *Id.* Second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The opportunity to proceed in forma pauperis is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing that the applicant would be forced to give up the basic necessities of life if he paid the costs is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff declares in his Application that he owns intellectual property valued at $2 million and is owed $10 million by three organizations. (ECF No. 2 at 3). Accordingly, regardless of the Texas court's filing ban, this Court finds that Plaintiff does not meet the requirements to proceed in forma pauperis. For that reason, the Court will deny his Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2).

**Motion to Form Leave**

Plaintiff has also filed a "Motion to Form Leave." (ECF No. 3). The unsigned motion is mostly incomprehensible but appears to repeat several of the allegations in the complaint. The purpose of the motion is unclear. Accordingly, the Court will deny the motion.

**Personal Jurisdiction and Venue**

Plaintiff is a citizen of Virginia. (ECF No. 1). Defendant is based in California. *Id*. Plaintiff makes no allegations regarding the parties' connection with the Eastern District of Missouri. Therefore, if Plaintiff wishes to proceed with this litigation, he must—in addition to paying the filing fee—show cause in writing within thirty (30) days why the Court should not dismiss this action for improper venue and lack of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Form Leave" (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to proceed with this civil action, he must pay the $405 filing fee **within thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to proceed with this civil action, he must also show cause in writing, **within thirty (30) days** of the date of this order, why the Court should not dismiss this action for improper venue and lack of personal jurisdiction.

Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 5th day of February, 2025.

                                                 HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE